**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **SAMUEL SILVEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. _____** |
| | ) | |
| **THE CITY OF LOOKOUT** | ) | |
| **MOUNTAIN, GEORGIA and** | ) | |
| **DAVID BENNET, IN HIS** | ) | |
| **CAPACITY AS MAYOR OF** | ) | |
| **THE CITY OF LOOKOUT** | ) | |
| **MOUNTAIN, GEORGIA** | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES

Plaintiff SAMUEL SILVEY ("Plaintiff") submits his claim for injunctive relief, declaratory relief, and damages against Defendant City of Lookout Mountain, Georgia (the "City") and David Bennett (the "Mayor").

### PARTIES AND JURISDICTION

1.

Plaintiff Samuel Silvey is a citizen of the state of Tennessee, and owns the real estate and residential dwelling located at 1609 ½ Fairy Dell Trail, Lookout Mountain, Georgia.

2.

Defendant City of Lookout Mountain, Georgia is a governmental entity and may be served with process upon the Mayor, David Bennett, at 1214 Lula Lake Road, Lookout Mountain, Georgia.  The City is within this judicial district and division.

3.

Defendant David Bennett is Mayor of the City of Lookout Mountain, Georgia, is a citizen of the state of Georgia, and is ultimately responsible for the enforcement of the City's zoning ordinances. As to all claims presented against him, the Mayor is being sued in his official capacity for injunctive and declaratory relief. At all relevant times, Defendant Bennett has acted under color of law. David Bennett may be served with process at 1214 Lula Lake Road, Lookout Mountain, Georgia.

4.

Subject matter jurisdiction over Silvey's complaint for declaratory relief, injunctive relief, and damages under 42 U.S.C. §§1983 and 1988 are proper in this court pursuant to 28 U.S.C. §§ 1331 and 1332.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

6.

On May 17, 2012 Silvey purchased 1609 ½ Fairy Dell Trail, Lookout Mountain, Georgia (the "Property").   Beginning in 2014, he made the property available for vacation rentals of 30 days or less when he was not occupying it.

7.

The Property has continuously been zoned in the Single Family District within the City.

8.

Single Family Dwellings are an expressly permitted use in the Single Family District pursuant to section 10-3 of the City's Zoning Ordinance.

9.

Section 10-1 of the Zoning Ordinance defines Single Family Dwelling as "A building occupied or intended to be occupied as an abode of one family; provided, however, that no mobile home or camp ground shall be classified as a dwelling."

10.

The Zoning Ordinance does not restrict occupancy of a Single Family Dwelling to the owner, and no restrictive covenants of record limit the rental of the Property to a minimum duration.

11.

Upon information and belief, the City does not prosecute or threaten prosecution against owners of Single Family Dwellings who rent their property for terms of 31 days or longer for violating the Zoning Ordinance.

12.

The Zoning Ordinance in effect when Silvey began using his home for vacation rentals did not identify terms of tenancies that are permitted and tenancies that are proscribed. For the City to contend that the zoning ordinance permits rentals of undefined duration but prohibits rentals of a lesser undefined duration is to read into the zoning ordinance words that do not exist.

13.

The City's Ordinance 305 became effective on October 1, 2017. Ordinance 305 amends Ordinance 292, which became effective on February 28, 2016, to include definitions of the terms "Home Share," "Home Sharing," "Hosting Platform," and "Short Term Vacation Rental."

14.

Short Term Vacation Rental is defined in Ordinance 305 as "the rental of any dwelling unit in the City of Lookout Mountain's Single Family District to any person for exclusive transient use of 30 consecutive days or less, whereby the guest enjoys the exclusive private use of the unit."

15.

Prior to the enactment of Ordinance 305 the City's Zoning Ordinance never explicitly identified a minimum number of days required for renting a Single Family Dwelling, nor was the word "rent" ever used in the zoning ordinance.

16.

Short Term Vacation Rental is not included in section 10-3 (A) of the Zoning Ordinance, which lists uses permitted in the Single Family District.

17.

Silvey lawfully rented his home for less than 31 days prior to the enactment of Ordinance 305.

18.

The City began contacting Silvey in 2016 to inform him that the City viewed his rental of the Property as a violation of the Zoning Ordinance then in effect.

19.

The Mayor, on behalf of the City, sent a letter to Silvey dated December 1, 2017, in which Silvey was threatened with criminal prosecution if he continued to use his property for vacation rentals.

20.

If the City enforces its new ordinance against Silvey, the value of the Property will decrease significantly, he will lose all rental income derived from the Property, and he will face possible criminal charges.

21.

Neither Silvey nor any individual at the Property has ever received a citation from the City for, or been convicted of, violating any noise, trash, parking, public drunkenness or any other City ordinance.

## FIRST CLAIM FOR RELIEF – INJUNCTION

22.

Silvey incorporates by reference each prior allegation contained in Paragraphs 1 – 21.

23.

If this Court does not enjoin Defendants from threatening prosecution, issuing citations, and prosecuting Silvey for continuing to rent the Property for 30 days or less, Silvey will suffer irreparable harm from being criminally prosecuted and potentially being sentenced to serve time in jail.

24.

Silvey is likely to succeed on the merits of the underlying case.  By prosecuting Silvey based upon the language of the zoning ordinance as it existed

when he began renting his home, the City and Mayor violate Silvey's

constitutional rights of due process and equal protection.

25.

Silvey has no adequate remedy at law for the injuries the City and Mayor

have threatened, in that it will be impossible for Silvey to determine the precise

amount of damages he will suffer if the City and the Mayor are not restrained.

26.

The balance of hardships weighs decidedly in Silvey's favor. There is

potentially significant, irreversible harm to Silvey if the City and Mayor are not

enjoined from issuing citations and prosecuting Silvey. Conversely, if this Court

prevents Defendants from citing and prosecuting Silvey for continuing his use of

the Property, it would merely maintain the status quo.

**SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT**

27.

Silvey incorporates by reference each prior allegation contained in

Paragraphs 1 – 26.

28.

Georgia law allows property owners to seek a declaratory judgment

regarding the legality of the use of specific property without challenging the

validity of the underlying ordinance under O.C.G.A. § 5-3-20. *Head v. DeKalb Cty.*, 246 Ga. App. 756 (2000).

29.

The City's and the Mayor's attempt to deprive Silvey of his constitutional rights have caused uncertainty on the part of Silvey in determining whether to continue renting his Property on a short-term basis. Plaintiff is entitled to a declaratory judgment under 28 U.S.C. § 2201 that confirms that his prior use of the Property was permitted under the Zoning Ordinance in effect at the time he began renting his property, and that he has a vested right to continue that use.

**THIRD CLAIM FOR RELIEF – DECLARATORY JUDGMENT**

30.

Silvey incorporates by reference each prior allegation contained in Paragraphs 1 – 29.

31.

Georgia law allows property owners to seek a declaratory judgment regarding the legality of the use of specific property without challenging the validity of the underlying ordinance under O.C.G.A. § 5-3-20. *Head v. DeKalb Cty.*, 246 Ga. App. 756 (2000).

32.

The City's and the Mayor's attempts to deprive Silvey of his constitutional rights have caused uncertainty on the part of Silvey in determining whether to continue renting his Property on a short-term basis.   Plaintiff is entitled to a declaratory judgment under 28 U.S.C. § 2201 that confirms that his prior use of the Property was not proscribed under the Zoning Ordinance in effect at the time he began renting his property because the zoning ordinance in effect at that time was unconstitutionally vague with respect to whether short-term rentals were prohibited.

## FOURTH CLAIM FOR RELIEF – VIOLATION OF

## 42 U.S.C. §§ 1983 and 1988

33.

Silvey incorporates by reference each prior allegation contained in Paragraphs 1 – 32.

34.

Silvey spent substantial sums to acquire the Property and build the house thereon in reliance on the City's Zoning Ordinance in existence at that time, which did not purport to prohibit rentals of less than any specific duration.

35.

Silvey has a vested "grandfathered" right to use the Property for rentals of any duration.

36.

The City's ongoing application of the newly enacted Ordinance 305 to Silvey and its threats to prosecute Silvey pursuant to the new ordinance under color of state law violate the due process and equal protection provisions of the Fifth and Fourteenth Amendments of the United States Constitution, the privileges and immunities clause of the Fourteenth Amendment, and the due process provisions of Article I, Section I, Paragraph I, and Article I, Section III, Paragraph I of the Constitution of the State of Georgia.

37.

Silvey has been damaged by the City's ongoing deprivation of his constitutional right to continue renting his home in the manner in which he had done prior to the City's adoption of Ordinance 305.  Those continuing deprivations entitle Silvey to recover damages and attorneys' fees under 42 U.S.C. §§ 1983 and 1988, respectively.

WHEREFORE, Silvey demands and prays for the following relief:

a) for a preliminary and permanent injunction enjoining Defendants from citing or prosecuting Silvey, or threatening prosecution against Silvey, for engaging in short-term rentals at the Property;

b) for a declaratory judgment affirming Silvey's continued right to rent his Property in the manner permitted by the zoning ordinance in effect at the time he began renting his property;

c) for a declaratory judgment affirming that any proscription of Silvey's right to rent his Property for 30 days or less by the Zoning Ordinance in effect at the time he began renting his property was unconstitutionally vague and could not have been used to prosecute Silvey for renting his property for less than 31 days;

d) for an award of damages, attorneys' fees and litigation expenses under 42 U.S.C. §§ 1983 and 1988 in an amount to be proven at trial;

e) for trial by jury; and

f) for such other relief as the Court deems just and proper.

This 1st day of February, 2018.

By: /s/ C. Wilson DuBose
C. Wilson DuBose
State Bar of Georgia No. 231450
Matthew R. Frick
State Bar of Georgia No. 746731
**Attorneys for Plaintiff**

285 North Main Street
P.O. Box 192
Madison, Georgia 30650
706-342-7900

## VERIFICATION

Samuel M. Silvey, being duly sworn, states on oath that the facts set forth in the within and foregoing *Complaint* in this action are true and correct to the best of his knowledge and belief.

This __19__ day of January, 2018.

_____
SAMUEL M. SILVEY

Sworn to and subscribed
before me this __19th__ day
of  January, 2018.

_____
Notary Public
My Commission Expires: __1-26-19__